IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TOMMY DANIELS, | § | |
| | § | |
| Plaintiff, | § | Civil No: 3:15-CV-3527-G-BK |
| v. | § | |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| et al., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order 3*, this case was referred to the magistrate judge for pretrial management. Now before the Court are Defendant Wells Fargo Bank, N.A.'s *Motion to Dismiss Pursuant to Rule 12(b)(6)*, Doc. 6, and Defendant Shelley Ortolani's *Motion to Dismiss*, Doc. 8. For the reasons that follow, the motions should be **GRANTED**.

**A. Procedural History**

This case arises from an eviction and quiet title action relating to Plaintiff's residence at 1615 Ernie Lane, Grand Prairie, Texas (the "Property") filed in state court in October 2015 against (1) Wells Fargo Bank, N.A. ("Wells Fargo"); (2) Shelley Ortolani ("Ortolani"), individually and as substitute trustee for Wells Fargo; (3) Nachawatj Haisam a/k/a ZH Property LLC; (4) Eltiar Asem; and (5) Dallas County, Texas. Doc. 1-5 at 2-3. Plaintiff alleges in his state court petition that Defendants committed fraud by improperly removing to federal court a prior lawsuit he filed relating to the Property. Doc. 1-5 at 3. He requests that Defendants be ordered to show cause why a criminal investigation should not be initiated and judgment in his favor on his quiet title claim. Doc. 1-5 at 3-4. Plaintiff also requests that his previous case be

reviewed and that Defendants be ordered to desist taking actions to evict him from the Property. Doc. 1-5 at 4-6.

In November 2015, Wells Fargo removed the action to this Court based on diversity jurisdiction. Doc. 1 at 4. Wells Fargo and Ortolani now move to dismiss Plaintiff's claims. Doc. 6; Doc. 8. Plaintiff has not responded to either motion to dismiss.

**B. Applicable Law**

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted). A court ruling on a Rule 12 motion may rely on the complaint, documents properly attached to the complaint or incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011). A court is also permitted to take judicial notice of a judgment entered in a different case for the limited purpose of taking as true the action of the court in entering the judgment. *Taylor v. Charter Medical Corp.*, 162 F.3d 827, 831 (5th Cir. 1998).

**C. Arguments and Analysis**

*1. Wells Fargo and Ortolani*

Wells Fargo moves to dismiss, arguing that Plaintiff's claims are barred by the doctrine of res judicata. Doc. 6 at 11-12. Ortolani moves to dismiss on the basis that Plaintiff has failed to state a claim against her. Doc. 8.

2

Federal law applies when a federal court determines the preclusive effect of a prior federal court judgment based on federal jurisdiction. *Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497 (2001) (holding that in the absence of a federal governing statute or rule, the res judicata effect of a federal judgment is determined by federal common law). A claim is barred by federal principles of res judicata if: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Test Masters Educ. Services, Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). The claim-preclusive effect of a prior judgment extends to all claims a plaintiff had "with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose" that a plaintiff could have raised in the prior action. *Petro-Hunt, L.L.C. v. United States,* 365 F.3d 385, 395 (5th Cir. 2004) (citation and emphasis omitted); *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994).

In July 2014, Plaintiff filed a state lawsuit relating to the Property against Defendant Ortolani and Wells Fargo, which Wells Fargo removed to this court. *Daniels v. Ortolani*, No. 14-CV-2665-L, Doc. #1-5 (*Daniels I*). In that petition, Plaintiff sought to quiet title to the Property and avoid foreclosure by Wells Fargo, while also requesting a criminal investigation into the matter. *Id.* at Doc. #1-5 at 2-5.

A comparison of the pleadings in this case and *Daniels I* reveals that Wells Fargo and Ortolani are defendants in each. *Test Masters*, 428 F.3d at 571. As to the second factor, this Court has competent jurisdiction over this action. *Id.* Next, on August 20, 2015, District Judge Lindsay entered a final judgment in *Daniels I* dismissing all of Plaintiff's claims with prejudice. *Daniels I*, Doc. 22. No appeal was taken, thus that judgment is final. *Test Masters*,

428 F.3d at 571. As for the fourth and last factor, Plaintiff's claims in both cases are virtually identical and seek essentially the same relief, which is avoidance of the foreclosure. *Id.* Therefore, this case should be dismissed under the doctrine of res judicata as to Wells Fargo and Ortolani.[1]

### 2. *Remaining Defendants*

Plaintiff's allegations against the remaining Defendants, Nachawatj Haisam a/k/a ZH Property LLC; Eltiar Asem; and Dallas County, Texas, are almost non-existent. In his petition, he claims that these "added respondents" committed fraud by removing *Daniels I* to this Court. Doc. 1-5 at 4. However, none of those Defendants was an attorney of record or a party to *Daniels I*. Additionally, Plaintiff asks that these Defendants be ordered to cease and desist from taking any actions toward evicting him. Doc. 1-5 at 5. As indicated, however, Plaintiff does not specify in any manner how any of these Defendants were involved in any aspect of the foreclosure or his pending eviction from the Property. Accordingly, Plaintiff has failed to state a claim against the remaining Defendants and his claims against them should be dismissed.

### D. Leave to Amend

"Generally a district court errs in dismissing a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). However, in determining whether to grant leave to amend, a court should consider "prejudice to the opposing party, undue delay, repeated failure to cure

---

[1] Although Ortolani did not assert res judicata, the Court raises it sua sponte because (1) both actions were brought before the same court; and (2) the relevant facts and records are before the court and are uncontroverted and "the demands of comity, continuity in the law, and essential justice mandate judicial invocation of the principles of res judicata." *Carbonell v. La. Dept. of Health & Human Res.*, 772 F.2d 185, 189 (5th Cir. 1985). To the extent Plaintiff seeks a criminal investigation, his recourse is not with this Court.

deficiencies with prior amendment, bad faith, dilatory motive and futility of amendment." *Union Planters Nat'l Leasing, Inc. v. Woods*, 687 F.2d 117, 121 (5th Cir. 1982).

In this case, Plaintiff's petition includes only minimal conclusory allegations and lacks factual or legal support. Indeed, the few facts Plaintiff does posit do not directly implicate Defendants in any legally cognizable wrongdoing. Based on the dearth of factual enhancement and lack of specific allegations, the Court concludes that Plaintiff has already pleaded his best case. Moreover, Plaintiff did not file a response to either Wells Fargo's or Ortolani's *Motions to Dismiss* despite the fact that both parties filed *Notices of Non-Filing* which clearly advised him of the response deadlines and his failure to meet them. Doc. 10; Doc. 11. Granting leave to amend at this point would only result in undue delay. *Union Planters*, 687 F.2d at 121. Accordingly, all of Plaintiff's claims should be **DISMISSED WITH PREJUDICE**.

**E. Conclusion**

For the reasons stated above, Defendant Wells Fargo Bank, N.A.'s *Motion to Dismiss Pursuant to Rule 12(b)(6)*, Doc. 6, and Ortolani's *Motion to Dismiss*, Doc. 8, should be **GRANTED**, and Plaintiff's case should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on January 8, 2016.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

   A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE